Shaka Zulu ACOOLLA, a/k/a Thomas Jackson, Plaintiff–Appellant,

v.

Ronald J. ANGELONE, in his individual and official capacities; Gene Johnson, in his individual and official capacities; D.J. Armstrong, in his individual and official capacities; Lewis B. Cei, in his individual and official capaci-

ties; D. Mills, in his individual and official capacities; Virginia State Board of Corrections, sued in their individual and official capacities; L.W. Huffman, sued in his individual and official capacities; D.A. Braxton, sued in his individual capacity; B.J. Wheeler, sued in his individual capacity; Lieutenant Pierotti, sued in his individual capacity; G.K. Washington, sued in his individual and official capacities; Lieutenant Seay, sued in his individual and official capacities; M.E. Hankins, sued in his individual and official capacities; R.T. Francis, Sergeant, sued in his individual and official capacities; R.L. Addams, sued in his individual and official capacities; B. Booker, sued in his individual and official capacities; C. Wingfield, sued in his individual and official capacities; L.T. Edmonds, sued in his individual and official capacities; D.H. Lewis, sued in his individual and official capacities; Sergeant Catron, sued in his individual and official capacities; K. Harrison, sued in his individual and official capacities; Lieutenant Terry, in his individual, and official capacities; Correctional Officer Terry, sued in his individual and official capacities; T.E. Briggs, sued in his individual and official capacities; L.M. Saunders, sued in his individual and official capacities; L.R. Day, sued in his individual and official capacities; T.T. Redman, sued in his individual and official capacities; D. Pultz, sued in his individual and official capacities; T. Lawhorn, sued in his individual and official capacities; Lieutenant Deoly, sued in his individual and official capacities; G.S. Defibaugh, sued in his individual and official capacities; T.C. Rovelli, sued in his individual and official capacities; Sergeant Maddox, sued in his individual and official capacities; Ser-

geant Banks, sued in his individual and official capacities; R.D. Boyers, sued in his individual and official capacities; M. Peters, sued in his individual and official capacities; P. Massie, sued in his individual and official capacities; Correctional Officer Harlow, sued in his individual and official capacities; V.S. Gray, a/k/a S. Gray, sued in his individual and official capacities; T.A. Martin, sued in his individual and official capacities; Correctional Officer Newcombs, sued in his individual and official capacities; Correctional Officer Cash, sued in his individual and official capacities; Correctional Officer Enurian, sued in his individual and official capacities; Correctional Officer Mauzy, sued in his individual and official capacities; R.F. Wilson, sued in his individual and official capacities; R.A. Young, sued in his individual and official capacities; L.W. Jarvis, sued in his individual and official capacities; P.E. Maddox, sued in his individual and official capacities; V.J. Bandy, sued in his individual and official capacities; K.A. Polinsky, sued in his individual and official capacities; Clarence A. Hollar, sued in his individual and official capacities; R.S. Jackson, sued in his individual and official capacities; Correctional Officer Pires, sued in his individual and official capacities; L. Davenport, Defendants–Appellees,

and

United States of America, Intervenor.

No. 06–7691.

United States Court of Appeals, Fourth Circuit.

Submitted: Jan. 17, 2007.

Decided: Aug. 17, 2007.

Shaka Zulu Acoolla, Appellant pro se. Pamela Anne Sargent, Assistant Attorney General, Mark Ralph Davis, Office of the Attorney General of Virginia, Richmond, Virginia, for Appellees.

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shaka Zulu Acoolla appeals the district court's order granting relief to the defendants and dismissing his claims under the First Amendment and the Religious Land Use and Institutionalized Persons Act. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *See Acoolla v. Angelone,* No. 7:01–cv–01008–jct, 2006 WL 2548207 (W.D.Va. Sept. 1, 2006). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*