**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-7447**

_____

ANTOINE MONTEZ MILES,

              Plaintiff - Appellant,

        v.

DAVID GUICE; GEORGE SOLOMON; LARRY DUNSTON; KIERAN SHANAHAN,
Secretary of the Department of Public Safety; BETTY BROWN,
Director of Chaplaincy; FRANK PERRY,

              Defendants - Appellees,

        and

GWEN NORVEIL,

              Defendant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Louise W. Flanagan,
District Judge. (5:13-ct-03193-FL)

_____

Submitted:  March 21, 2017          Decided:  April 21, 2017

_____

Before GREGORY, Chief Judge, WILKINSON, Circuit Judge, and
DAVIS, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

_____

Antoine Montez Miles, Appellant Pro Se.   Kimberly D. Grande, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoine Montez Miles, a North Carolina prisoner and member of the Nation of Gods and Earths (NGE), sued officials of the North Carolina Department of Public Safety under 42 U.S.C. § 1983 (2012). He alleged that certain officials violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc-5 (2012), and the First, Eighth, and Fourteenth Amendments by designating NGE as a Security Threat Group, not a religion. The designation resulted from NGE's ties to a gang, the United Blood Nation, but NGE members do engage in practices often associated with religions. In his § 1983 complaint, Miles sought to engage in certain of those practices, including eating a vegan diet, fasting on NGE holy days, and studying NGE texts.

In response to Miles' claims, the officials moved for summary judgment, and the district court granted the motion. We review a district court's award of summary judgment de novo, viewing the facts and inferences reasonably drawn from those facts in the light most favorable to the nonmoving party. Core Commc'ns, Inc. v. Verizon Md. LLC, 744 F.3d 310, 320 (4th Cir. 2014). A court may only award summary judgment when no genuine dispute of material fact remains and the record shows that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). On appeal, Miles challenges the district

3

court's grant of summary judgment on his claims under RLUIPA, the Eighth Amendment, and the Equal Protection Clause of the Fourteenth Amendment.

Section 3 of RLUIPA protects prisoners' right to exercise their religion. 42 U.S.C. § 2000cc-1(b)(1). To prevail under RLUIPA, a prisoner must first make a prima facie showing that a state substantially burdened his religious exercise. See Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006). "[A] substantial burden on religious exercise occurs when a state or local government, through act or omission, 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Id. at 187 (citing Thomas v. Review Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 718 (1981)). After a prisoner makes a prima facie showing of a substantial burden, the government's position must survive strict scrutiny. Id. at 186. Strict scrutiny requires the state to show that its policy is the "least restrictive means of furthering a compelling governmental interest." Id. at 189.

The district court assumed that NGE qualifies as a religion, but ruled that the policies toward NGE practices did not substantially burden Miles' exercise of religion. Neither the lack of access to the vegan diet, see Acoolla v. Angelone, No. 7:01-CV-01008, 2006 WL 2548207, at *8 (W.D. Va. Sept. 1, 2006), aff'd, 235 F. App'x 60 (4th Cir. 2007), nor to the NGE

4

texts, which were not subject to a blanket ban, are substantial burdens. Failing to accommodate fasting on holy days, however, is a substantial burden. Lovelace, 472 F.3d at 187.

The district court did not apply strict scrutiny to the policy for NGE fasts, and the record does not sufficiently show that the policy satisfies strict scrutiny. We therefore vacate the district court's grant of summary judgment on the fasting claim and remand it for consideration under the strict scrutiny standard.

Next, we turn to Miles' Eighth Amendment claim. While prisoners have the right to nutritionally adequate food under the Eighth Amendment, they must prove deliberate indifference, meaning that a prison official must have known of and disregarded an objectively serious condition. Farmer v. Brennan, 511 U.S. 825, 832, 837 (1994). Miles failed to establish deliberate indifference.

Miles also sued under the Equal Protection Clause of the Fourteenth Amendment, which requires a plaintiff to make a prima facie showing that the state treated him differently than it treated similarly situated prisoners and that such unequal treatment resulted from intentional or purposeful discrimination. See Veney v. Wyche, 293 F.3d 726, 730-31 (4th Cir. 2002). We conclude that Miles failed to make the required

5

showing because the record shows that other religious groups were not similarly situated to NGE, which has ties to a gang.

Because the officials did not violate Miles' Eighth or Fourteenth Amendment rights, we conclude that they are entitled to qualified immunity on those claims. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (providing government officials qualified immunity from civil damages if plaintiff has failed to establish violation of constitutional right).

Finally, Miles contests the district court's denial of his motion for appointment of counsel. We conclude that the district court did not abuse its discretion when it denied that motion because no exceptional circumstances existed to warrant appointment of counsel. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 300 n.2 (1989).

In sum, we affirm the district court's ruling under RLUIPA on Miles' claims for a vegan diet and access to NGE texts; vacate the ruling under RLUIPA for Miles' fasting claim and remand for further proceedings; affirm the ruling on Miles' Eighth and Fourteenth Amendment claims; and affirm the district court's denial of Miles' motion for appointment of counsel. We also deny Miles' pending motion for appointment of counsel. We dispense with oral argument because the facts and legal

6

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>